**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DAKOTAH EARLEY,              )
                                            )
              Plaintiff,                )
                                            )     Case No. 23-cv-0801
      v.                         )
                                            )     The Hon. Judge LaShonda Hunt
CITY OF CHICAGO, ILLINOIS, a municipal  )
corporation; LORI LIGHTFOOT, in her capacity  )     Magistrate Judge M. David Weisman
as Mayor of the City of Chicago; DAVID O.  )
BROWN; JOHN DOE 1, a City of Chicago Police  )
Officer; JOHN DOE 2, a City of Chicago Police  )
Officer; and, the CITY OF CHICAGO, ILLINOIS,  )
a municipal corporation, as indemnitor,       )
                                            )
              Defendants,         )

**<u>DEFENDANTS' RENEWED MOTION TO</u>**
**<u>STAY FURTHER DISCOVERY (OPPOSED)</u>**

Defendants Lori Lightfoot, David Brown, and the City of Chicago (collectively, "Defendants"), by and through one of their attorneys, Marion C. Moore, Chief Assistant Corporation Counsel, respectfully move for a stay of further discovery in this matter. In support of their motion, Defendants state as follows:

1.      Plaintiff was the victim of an armed robbery and shooting committed by a private citizen named Tyshon Brownlee. *Plaintiff's Complaint*, Docket ("Dkt.") No. 1, at ¶¶ 15-19. Plaintiff alleges that this private citizen had been involved in other armed robberies in the hours prior to robbing and shooting him. *Id.* at ¶¶ 20, 26, 29. Plaintiff further alleges that approximately one hour prior to the robbery, police were notified of the location of the suspected robber's vehicle (which had also been stolen) and approached it but did not pursue it. *Id.* at ¶ 29. Plaintiff claims that the John Doe officers who encountered the vehicle did not pursue it because of the City's vehicle pursuit policy and that said policy therefore caused the injuries he sustained in the robbery. *Id.* at ¶¶ 30-33.

2.      Plaintiff brings the following claims as a result: in Count I, a *Monell* claim against the

City, former-Mayor Lori Lightfoot[1], and former- Superintendent David Brown for Deprivation of 14th Amendment Right to Due Process based on the enactment and maintenance of the pursuit policy; in Count II, a 14th Amendment Due Process claim against Brown and John Doe Officers under a "state created danger" theory; and, in Count III, an Indemnification claim against the City of Chicago.

3.      Defendants filed a Motion to Dismiss, which is now fully briefed.  If granted, the motion would be dispositive of all claims in Plaintiff's lawsuit.

4.      In their Motion to Dismiss, Defendants requested that discovery be stayed during the pendency of the motion. Dkt. No. 14 at p. 15. At the initial status hearing before Judge Maldonado, Judge Maldonado largely denied the request to stay, only staying the written discovery as to Defendants Lightfoot and Brown. Dkt. No. 15. Magistrate Judge Weisman stayed the oral discovery as to these defendants as well. Dkt. No. 18. This case was then transferred to Judge LaShonda Hunt on June 2, 2023, but is still referred to Magistrate Judge Weisman for discovery supervision. *See* Dkt. No. 20.

5.      In accordance with Judge Maldonado's order, the parties exchanged Rule 26(a)(1) Initial Disclosures on May 23, 2023. Plaintiff's Initial Disclosures include the disclosure of over thirty (30) treating physicians. *See* Exhibit 1, Plaintiff's Rule 26(a)(1) Initial Disclosures. Moreover, Plaintiff also tendered Rule 33 Interrogatories and Rule 34 Requests for Production[2]. The production requests tendered by Plaintiff are expansive. *See* Exhibit 2, Amended Plaintiff's First Set of Rule 34 Requests to Defendant City of Chicago.  Indeed, they include sixty-three (63) individual requests and ask for all materials related to five (5) other incidents in addition to the one involving Plaintiff (*see* Exhibit 2 at

---

[1] Plaintiff has agreed to dismiss Lightfoot as a Defendant. *See* Dkt. No.19 at p. 15.
[2] Plaintiff served these requests on June 14 and 16, but written discovery was not set to be issued, per Dkt. No. 15, until June 15, 2023. The City's responses to this written discovery are therefore due on July 17, 2023. Given the burden issues discussed herein, the City requests that its answers to the written discovery be stayed during the pendency of this motion. Should this motion be denied, the City will tender its responses shortly thereafter.

Nos. 18-23, 29, 30) as well as all audio and video (*see, e.g.,* Exhibit 2 at Nos. 57-63). Not only that, but the requests include historical data related to certain officers as well as policy and training materials. *See* Exhibit 2 at Nos. 10, 11, 44, 45, and 50-56. In addition to these wide-ranging requests, Plaintiff also sent a Notice of Deposition for two Chicago police officers.

6.      Because the discovery that has been issued is burdensome and the pending motions would dismiss all claims against the Defendants if granted, the Defendants respectfully request a stay as to all further discovery, including their answers to Plaintiff's written discovery and the currently noticed depositions, in order to preserve the time and resources of both the parties and the Court.

7.      The Court has broad discretion in managing discovery. *See* Fed. R. Civ. P. 26; *See also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Notably, a stay of discovery may be granted to "protect a party or person from annoyance, embarrassment, oppression or *undue burden or expense.*" Fed. R. Civ. P. 26(c)(1); *Crawford-El*, 523 U.S., at 599 (1998)(emphasis added).

8.      It is the movant's burden to show that good cause exists for a stay. *Harper v. Cent. Wire, Inc.*, 2020 WL 5230746 at *1 (N.D. Ill. Sept. 2, 2020). In determining whether to grant a stay, a court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Sadler as Tr. of Larry R. Sadler Irrevocable Tr. v. Retail Properties of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013)(*quoting Piekarski v. Amedisys Ill., LLC*, No. 12 C 7346, 2013 WL 2357536, at *2 (N.D. Ill. May 28, 2013).

9.      Here, the factors weigh in favor of a stay. First, a stay will not unduly prejudice Plaintiff. Should any aspect of the case survive the motion to dismiss, Plaintiff will be just as able to make his case after its resolution as he is presently. Additionally, should this case be disposed of in its

entirely, the stay will actually benefit all parties in sparing unnecessary expenses, time, and resources on this matter. Furthermore, the Initial 26(a)(1) disclosures and related documents that have been provided to Plaintiff give Plaintiff sufficient initial information so that the parties will be able to seamlessly transition into further written and oral discovery if the Defendants' motion to dismiss is denied.

10.     Second, a stay will simplify the issues in the case, as it will allow the Court to determine whether certain claims and certain parties will remain in the case. This will simplify the written and oral discovery that has to be conducted in this matter. For example, Plaintiff appears to be alleging both a "widespread practice" and an "official policy" *Monell* claim (*compare* Dkt No. 1 with Dkt. No.19). The discovery as to those claims would be very different. Should the Court find that only one (or neither) of those theories has been sufficiently pled, the type of relevant discovery needed to prosecute and defend the claim would be different.

11.     Third, and most notably, a stay will significantly reduce the burden on litigation for the parties and the Court. As discussed above, Plaintiff's written discovery requests are enormous and would require the City to produce reports, audio, and video from multiple different incidents, which will have to be carefully reviewed for private information of unrelated persons prior to production. Moreover, the City would have to produce extensive materials related to policy and training. Collection and production of these materials would impact not only the Law Department, but personnel at the Police Department as well because they would have to collect the materials.

12.     Additionally, Plaintiff disclosed over thirty (30) treating physicians. *See* Exhibit 1. While the undersigned is confident that the parties could narrow the amount of depositions needed, given the number in the initial disclosure, Defense counsel would likely have to take at least ten (10), if not more, depositions of treaters alone. Before doing so, medical records would need to be subpoenaed and reviewed, and surely the physicians will require some sort of fee.

13.     But even more than the treating physicians, there will be multiple other depositions. If Plaintiff is allowed to engage in discovery related to other incidents, it is possible that depositions of the persons involved in those incidents may be necessary. Moreover, there will likely be depositions of witnesses to the event involving Plaintiff and police and other City personnel involved in both the incident involving Plaintiff and the policy and training. It must also be noted that Plaintiff has already noticed the depositions of two officers who had obvious involvement in the interaction with Brownlee's vehicle prior to Brownlee's alleged crime on Plaintiff. Defendants cannot predict what Plaintiff will do, but it is highly likely that these two officers could be named as defendants considering Plaintiff has named two "John Doe" defendants. It seems unfair – and could potentially cause discovery disputes – to depose these individuals *and then* name them as Defendants in the lawsuit.

14.     Simply put, a stay would prevent the high burden and expense of engaging in this substantial written and oral discovery unless Plaintiff's claim is shown to be sufficiently pled, and the parties and the Court will not have to expend potentially unnecessary resources on discovery and discovery disputes.

15.     Defendants therefore respectfully request that this Court enter an order staying all further discovery in this matter, including the written and oral discovery that Plaintiff has already issued. Defendants further request that the City's responses to the written discovery as well as the noticed depositions be stayed until a ruling on the instant motion, and for two additional weeks to answer such discovery should this motion be denied. This request is not made for purposes of delay or any other improper purpose, but rather to preserve the time and resources of the parties, the witnesses, and the Court.

16.     Defense counsel reached out to Plaintiff's counsel regarding the renewed request to stay all discovery. The parties communicated via electronic mail and telephone, and are at an impasse. Plaintiff objects to any stay of discovery but does not object to reasonable extensions of time to

respond to discovery.

17.     Lastly, the parties are aware of this Court's standing orders and understand that this Court will likely hear oral argument on the motion's presentment date.[3] Should this Court entertain briefing on the motion, Plaintiff has requested two weeks to file a response to this motion. Defendants request one week to file a reply.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Renewed Motion to Stay Further Discovery while their Motion to Dismiss is pending and grant any other relief deemed just by this Honorable Court.

Respectfully submitted,

*/s/ Marion C. Moore*
**MARION C. MOORE**
Chief Assistant Corporation Counsel

Marion C. Moore, Chief Assistant Corporation Counsel
Maxwell Lisy, Assistant Corporation Counsel Supervisor
William Cook, Assistant Corporation Counsel
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-5170 (Moore)
(312) 744-6566 (Fax)
Attorney No: 6302566 (Moore)

## CERTIFICATE OF SERVICE

I, Marion C. Moore, an attorney, certify that on July 16th, 2023, I served a copy of **DEFENDANTS' RENEWED MOTION TO STAY FURTHER DISCOVERY** by filing the aforementioned document with this Court's ECF system.

*/s/ Marion C. Moore*
**Marion C. Moore**

---

[3] Due to the schedule of the Court and counsel, this motion is being noticed for presentment on August 2, 2023.

6