**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DAKOTAH EARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cv-0801 |
| v. | ) | |
| | ) | The Hon. Judge LaShonda Hunt |
| CITY OF CHICAGO, ILLINOIS, a municipal | ) | |
| corporation; LORI LIGHTFOOT, in her capacity | ) | Magistrate Judge M. David Weisman |
| as Mayor of the City of Chicago; DAVID O. | ) | |
| BROWN; JOHN DOE 1, a City of Chicago Police | ) | |
| Officer; JOHN DOE 2, a City of Chicago Police | ) | |
| Officer; and, the CITY OF CHICAGO, ILLINOIS, | ) | |
| a municipal corporation, as indemnitor, | ) | |
| | ) | |
| Defendants, | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO STAY FURTHER DISCOVERY

Plaintiff, DAKOTAH EARLEY, ("Earley" or "Plaintiff"), by his attorneys, Maxwell J. Brown, Esq., Amanda M. Martin, Esq., and Cass T. Casper, Esq., DISPARTI LAW GROUP, P.A., respond as follows in in opposition to Defendants' Renewed Motion to Stay Further Discovery (Motion) (Dkt. 24). For the following reasons, the Motion should be denied in its entirety.

I. **Plaintiff Does Not Object To The City Taking The Time It Needs To Fulsomely Respond To Discovery, But Does Object To A Stay.**

The City notes that its responses to Plaintiff's discovery requests are due on July 17, 2023. Dkt. 24 at 2 FN2. Plaintiff has no objection/agrees to the City taken whatever reasonable amount of time it needs to respond fulsomely to his discovery requests and, accordingly, in response to Defendants' footnote on page 2 about the due date of the City's responses, Plaintiff commits to working with the City as amicably as possible on their due date responses. Plaintiff does object to a general discovery stay, though, for the following reasons.

## II.     Judge Maldonado Already Denied A Request To Stay Discovery.

On March 28, 2023, the parties submitted a Joint Status Report (Dkt. 13) in which the Defendants "object to proceeding with discovery while their motion to dismiss is pending." *See* Exhibit 1 at 3. On April 4, 2023, the Court denied Defendants' Request to Stay Discovery in open court and in the minute order at Dkt. 15. Dkt. 15 ("As discussed on the record, the Court will not stay discovery in its entirety pending the resolution of the motion to dismiss."). The Court only stayed the issuance of discovery as to Defendants Brown and Lightfoot through August 30, 2023 in that minute order. Dkt. 15. Later, Magistrate Judge Weisman only stayed oral discovery as to Defendants Lightfoot and Brown. Accordingly, the Court has already dealt with a request to stay discovery, denied it except as to the foregoing, and the City presents no persuasive reason for this Court to differ from Judge Maldonado's ruling.

## III.    If This Court Grants The Motion To Dismiss, It Would Not Dispose Of All Claims, But Should Lead To An Opportunity To Amend, Which Discovery Would Benefit.[1]

While Plaintiff submits his Motion to Dismiss Response is extremely strong and should lead to denial of the Motion, even if this Court grants the Motion it almost certainly will do so with an opportunity to amend the complaint. This is because, whatever the outcome of that Motion, Plaintiff has not plead himself out of Court, and any basis for denial could almost certainly be cured by more factual data in the Complaint. Accordingly, it would tactically disadvantage Plaintiff to deny further discovery at this time because it would potentially cutoff the discovery of more evidence that could help Plaintiff both prove his claims and, more importantly for present purposes, uncover more factual data to put in an amended complaint should the Motion to Dismiss be granted but with leave to amend.

---

[1] This Section argues hypothetically about the Motion to Dismiss being granted; Plaintiff adamantly states his Complaint is sufficient, the Motion should be denied, and does not mean to imply otherwise in this Section.

2

Defendants are correct that "in determining 'whether to grant a stay, the court may consider the following factors: (1) 'whether a stay will unduly prejudice or tactically disadvantage the non-moving party,' (2) 'whether a stay will simplify the issues in question and streamline the trial,' and (3) 'whether a stay will reduce the burden of litigation on the parties and on the court.'" *Piekarski v. Amedisys Ill., LLC*, No. 12 C 7346, 2013 WL 2357536, at *2 (N.D. Ill. May 28, 2013) (quoting *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2006) ); *see Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (explaining that a stay of discovery may be appropriate when a party raises a potentially dispositive threshold issue, like qualified immunity).

In this case, it would tactically disadvantage Plaintiff to grant the stay by depriving him of the discovery of further evidence that would help with an amended complaint, should one be necessary. For example, the City argues in its Motion to Dismiss that Plaintiff states no constitutional deprivation because, *inter alia*, they claim Plaintiff does not adequately allege that a state-created danger caused his injury or an affirmative act by the City that did so. Dkt. 14 (*Motion to Dismiss* at 5). However, these are the kinds of arguments that, if the Court agrees (as it should not), could in theory be cured by placing even more factual data in the Complaint than is already in it. While Plaintiff does not think this should be necessary, the kind of "inadequately plead" argument made by the Defendants is one classically cured by an amendment and should not lead to dismissal with prejudice. *See McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72 (N.D. Ill. 2016).

So too, the pleading standards on amendments are very liberal. "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F.Supp.2d 1036, 1040 (N.D.Ill.2000) (citation omitted). There is "[g]ood cause" to file an amended complaint "when it is reasonable that new claims are only recognized after filing an initial complaint." *Luckett v. Conlan*, 561 F.Supp.2d 970, 976 (N.D.Ill.2008). Leave to amend should be freely given "'[i]n the absence of any

3

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir.2004) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir.2008) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir.2002)).

So three, the discovery provided via the Rule 26 disclosure process has already lead to a host of new information that, if need be, could be added to the Complaint to cure any "inadequately plead" portion (which should not be necessary). The discovery has produced at least some of the documents pertaining to CPD's decision not to pursue Tyshon Brownlee, the officers involved in that portion of the events appear to have been identified by this discovery, and the timeframes identified are even closer in proximity than is pleaded in the Complaint and the relevant police documents provide no satisfactory explanation why no pursuit was engaged in. As one example among many, the following document is excellent likely proof of the Plaintiff's claims:

**Involved CPD Unit or Beats or Other agencies in Incident**
No Units found.

**Balancing Test Information**

Violation Known at Beginning of Incident Felony If Other, Specify Offence
**Suspects Actions during Eluding Incident**

Disobeyed Stop Sign/Light No How many ?

Forced Vehicle Off Road No Hit and Run No    Fled After Stopping Yes Speeding Yes Weaving Yes Drove Wrongway No Drove without Lights No

Other No If Other please describe

Road Type One Way Yes Two Way No Divided Two Way No Express Way No Service Road No Alley No Other

Surface Condition Dry No Wet Yes Snowy/Icy No Muddy No If Other Roadway Impairment (specify)

Light Dawn No Daylight No Dusk No Dark Not Lighted No Dark Lighted Yes If Other, please specify

Weather Clear No Cloudy No Fog No Raining Yes Snowing No Ice No

**Traffic Conditions-Vehicular** None YesLight No Medium No Heavy No **Traffic Condition - Pedestrian** None Yeslight No Medium No Heavy No

Supplementary Reports Present ? No

## Subject's/Pursued Vehicle
### Vehicle Information

License No CY96374    License Type PASSENGER CAR
License State IL License Expiration (MM/YYYY) 08/2022 Vehicle Identification Number(VIN) WBA8D9G51JNU69810
    Year 2018 Make BMW
    Model 3 SERIES Type
Body Style 4 DOORColorWHITE

**OR** Vehicle Comments (Free Format Description )

Was "Request To Impound Vehicle by Police" Form Submitted? No Vehicle Impound Number
### Person Details (Fleeing Driver)

Last Name UNK First Name UNK Middle Initial
Nickname Birth Date Age
    Sex MALE Race BLACK Height
Weight Build MEDIUM Eye Color UNKNOWN
Hair Color UNKNOWN Hair Style UNKNOWN Complexion BLACK
## Fleeing Driver Arrested Details

Arrested? No Evaded ? Yes

No CB Numbers Found
## Passenger Arrested Details

Number of Passengers 3 Arrested ? No

No CB Numbers Found
## Summary

Summarize the eluding incident
event #00454. this is a bwc recorded incicdent. in summary, r/os were dispatched to a assist a unit at above listed location. upon arrival r/os observed above listed vehicle parked and facing w/b on solidarity drive. above vehicle came back stolen under leads number #V22D2059. r/os in their marked squad vehicle activated their emergency equipment lights and attempted to conduct a traffic stop. at this time above vehicle fled from traffic stop going at a high rate of speed. last seen going w/b on solidarity drive. r/os did not pursue said vehicle. no further information at this time.

## Supervisor Comments

Star No Employee No Name Unit
Comments R/S did not review video footage of this event. R/S find this report to be complete and accurate with the information available at this time.

## Traffic Safety Commander Comments

Star No 20399 Employee No 40370 Name LUIKEY, MARC Unit 650
Comments Followed department guidelines on eluding and pursuing.

## Supporting Attachments
No Attachments found.

*See* FCRL000095-96. Under the balancing test on whether to pursue a vehicle or not under the Department General Order on Vehicle Pursuits, the above documents show that several factors are completely eliminated as reasons to not engage in a pursuit and is further evidence of an "affirmative act" for purposes of Plaintiff's constitutional theory, i.e., that the chilling effect caused by enactment of this pursuit policy caused Plaintiff's injuries. Dkt. 1 at ¶31 ("At all times, Defendants Lightfoot and Brown acted with deliberate indifference in enacting and maintaining the non-pursuit policy, knowing full well that there was a high probability that the policy would chill and hamper rank-and-file officers from engaging in pursuits to stop criminals such as Brownlee and his crew."). The foregoing document is great additional factual data for an amended complaint, if it should be necessary. The point is: even if the Motion to Dismiss is granted, allowing discovery only helps move this case along by providing strengthening data for an amended complaint – which would perhaps lead to another round of motions to dismiss, yet the resolution of a second round would be much more on the fulsome merits of this case due to discovery yielding so much additional data for an amended complaint. Thus, discovery is actually efficient by moving this case to a final decision on the true merits, revealed further by discovery, whether the Motion to Dismiss is granted with leave to amend or denied outright (which it should be).

The City, for its part, seems to assume that if a dismissal is granted it will end the case, but it absolutely should not end the case but lead to leave to amend being granted. Dkt. 24, ¶9. Defendants' entire motion is premised a belief that dismissal will not allow leave to amend, which is not the case with the kinds of arguments they have made. At the same time, the City does not raise any argument that would knock out the Complaint wholesale without leave to amend, such as an immunity argument, which is sometimes a basis to grant a motion to stay discovery. Dkt. 14; *see Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (explaining that a stay of discovery may be appropriate when a party raises a potentially dispositive threshold issue, like qualified immunity).

Accordingly, due to (i) the liberal amendment standards, (ii) that the Defendants' arguments in their Motion to Dismiss are in the nature of "inadequately plead" arguments, and (iii) because ongoing discovery is helping bolster an eventual amended complaint, should one be required, this Court should deny the Defendants' Motion to Stay Discovery in its entirety <u>because it would tactically disadvantage Plaintiff to deny further discovery at this time</u>.

**IV.     Defendants Overstate The Burden Of Discovery Sought And Ignore That They May Individually Object To Requests On Burdensomeness, Which May Be Sorted Out Through Rule 37 Discussions.**

Defendants principally argue that it would be burdensome for them to have to respond to Plaintiff's discovery requests. Dkt. 24 at ¶¶9; 11-12; 14. Each aspect of this argument as to specific discovery will be discussed in turn.

    1.   <u>The Production Requests Are Limited To Key Incidents And Defendants May Object Individually To Burdensome Requests.</u>

A review of the Plaintiff's Production Requests will show that most of the requests are based upon the Defendants' Rule 26 disclosures, many even referring to them by Bates-number, an RD number, or an Event Number. *See, e.g.*, Dkt. 24-2, ¶¶14-31, ¶¶32-41, ¶43, ¶¶57-63. So, these requests all should be readily ascertainable by the Defendants merely pulling the corresponding RD and Event Number files and disclosing them in full – it is really hard to imagine these requests would not be locatable right in those files, and the City explains nothing else about how these are burdensome to gather and, so, waives the burdensomeness objection anyway. *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2014 WL 3809763, at *2 (N.D. Ill. Aug. 4, 2014) ("Undue burden or expense, actual or potential, must be shown by a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.").

Another subset of requests pertain to policing history <u>related to pursuits</u> of two officers, Eduardo Camilo Jr. and Gustavo Marchon. Dkt.24-2, ¶¶53-56. The latter officers have been likely

identified as the two John Doe officers named in the Complaint, and their policing history relating to vehicle pursuits is incredibly important for both parties to know whether under this version of the Complaint, an amended complaint (if the Motion to Dismiss is granted in full or in part), or as proof of knowledge and the chilling effect of the pursuit policy vis-à-vis these officers' historical inclination to engage in pursuits and how that changed before and after the pursuit policy. The other set of requests goes to the CPD's knowledge and interactions with Brownlee during the course of his robbery spree, but those requests are limited to a 10-day period of May 1, 2022 through May 10, 2022. Dkt. 24-2, ¶¶5-9, 12. There are two requests regarding training and pursuit policies limited to a three-year period of 2020 to 2023. Dkt. 24-2, ¶¶10-11. The latter are simply policies and memoranda and there has to be someone in the CPD who keeps policies and memoranda about CPD policy in one place who could easily find them – anyway, the Defendants again do not articulate the burden of responding to those and so waive it. *See Jenkins* at *2.

Perhaps the biggest point of all is that there is a remedy short of a stay to deal with burdensomeness, if there is one. First, Defendants can individually object to the requests as unduly burdensome, and the parties can discuss the issue and how Plaintiff can help fine-tune / narrow requests to help. This process works and has worked in no doubt thousands of other cases in this Court, and there is no reason it cannot work here. Second, Plaintiff agrees to be generous with more time requests from Defendant in getting Responses, in fact, as generous as necessary to ensure the Defendants have adequate time to get the Responses done.

2. The City Should Not Be Redacting The Disclosures At All, Overstate the Concern, And, In Any Event, A Protective Order Can Obviate This Concern.

The City also argues they will have to review all the files and make redactions "for private information for unrelated persons." Dkt. 24 at 4. First, they should not be doing any redactions because the kinds of files sought are unlikely to have the kind of personal information needing redactions

anyway – files related to RD numbers and Event Numbers more than likely do not have large amounts of PII and sensitive medical information in them. Second, even if that information is in these documents, it should not be redacted because, in this particular case, Plaintiff will need to get a hold of other witnesses Brownlee and his crew attacked/robbed in order to interview them, get documents from them, and depose them, if necessary. So, Plaintiff objects to the redaction of personal information anyway. Instead, an "Attorneys' Eyes Only" Protective Order should be entered as to these files so Plaintiff's lawyers may do their investigating, while balancing the rights of the third-party victims of Brownlee from having their information publicly disclosed at this juncture of the lawsuit. Finally, the main redactions the City made in its Rule 26 disclosures are of Brownlee's victims' contact information, which supports the latter point that this should not be redacted anyway as Plaintiff needs it to contact these witnesses, for example, it looks like this:



FCRL000087. Accordingly, the "redaction" concern of the Defendants should not be a concern, either.

3. <u>Depositions Of Plaintiff's Doctors.</u>

It is true Plaintiff disclosed over 30 treating physicians in his Rule 26 disclosures, as Defendants state. Dkt. 24 at 4. However, first, these are damages and injuries witnesses, and, while there is no "rule" about when those are deposed, perhaps the Court and counsel can agree it is traditionally done much later in the discovery period after the liability witnesses are done. These depositions, therefore,

would come much down the road, after liability witnesses, and probably even after the Court rules on the Motion to Dismiss. Second, the parties could bifurcate discovery between liability and damages, do the liability portion first, and then do the damages discovery after a Motion for Summary Judgment is denied/granted. Defendants have not asked to do it this way, but it would eliminate their concern if the Court were to allow it. Third, Defendants are right when they say the treating physicians can be pared down, and Plaintiffs add that they will agree to stipulate to the foundation of huge swaths, if not all, of Plaintiff's treating records. Again, this is a concern best dealt with in Rule 37 discussions, not with a general stay of discovery.

4. <u>Depositions of Officers Marchon and Camilo.</u>

Defendants finally object to deposing these two officers without them being named as Defendants. Dkt. 24 at 5. This can be easily corrected: Plaintiff may move to add them as Defendants under Rules 19/20 regarding Joinder of Parties without amending the complaint. They should be Defendants and this can easily be done to obviate the unfairness concern raised by the City. Plaintiff will file this Motion, but will wait until this Court's take on that at the instant Motion hearing on August 2, 2023 at 9:45. Besides, the City already know they are the John Does, correctly anticipates they will be Defendants, and can prepare their depositions accordingly without surprise about this.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in its entirety.

*Electronically Served: July 28, 2023*

Respectfully submitted,

**DAKOTAH EARLEY**

By:     */s/ Cass T. Casper*

_____

One of Plaintiff's Attorneys

*Maxwell J. Brown, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 312-9783
E: mbrown@dispartilaw.com

*Amanda M. Martin, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 355
E: amartin@dispartilaw.com

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 28, 2023, he caused to be served the foregoing document on all counsel of record via this Court's CM/ECF filing system, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*

_____