# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAKOTAH EARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cv-0801 |
| v. ) | |
| ) | The Hon. Judge Nancy Maldonado |
| CITY OF CHICAGO, ILLINOIS, a municipal ) | |
| corporation; LORI LIGHTFOOT, in her capacity ) | Magistrate Judge David Weisman |
| as Mayor of the City of Chicago; DAVID O. ) | |
| BROWN; JOHN DOE 1, a City of Chicago Police ) | |
| Officer; JOHN DOE 2, a City of Chicago Police ) | |
| Officer; and, the CITY OF CHICAGO, ILLINOIS, ) | |
| a municipal corporation, as indemnitor, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants, ) | |

## JOINT INITIAL STATUS REPORT (DKT. 3)

NOW COME, DAKOTAH EARLEY ("Plaintiff"), by and through his undersigned counsels, Amanda Martin, Esq. and Cass T. Casper, Esq., DISPARTI LAW GROUP, P.A., and the CITY OF CHICAGO, ILLINOIS, LORI LIGHTFOOT, DAVID O. BROWN, and the CITY OF CHICAGO, ILLINOIS as indemnitor (collectively, "Defendants"), by and through their attorneys, William Cook, Esq., Marion Moore, Esq., and Maxwell Lisy, Esq., Assistant Corporation Counsels, CITY OF CHICAGO, DEPARTMENT OF LAW, and state as follows for their Joint Initial Status Report pursuant to Dkt. 3.

1. **Nature of the Case.**

   A. **Names of All Attorneys and Lead Trial Attorney:**

| | |
|---|---|
| Amanda Martin, Esq. (Lead Trial) | William O. Cook |
| Cass T. Casper, Esq. | Marion Moore (Lead) |
| Maxwell Brown, Esq. | Maxwell Lisy |
| DISPARTI LAW GROUP, P.A. | CITY OF CHICAGO – DEPARTMENT OF LAW |
| 121 West Wacker Drive, Suite 2300 | 2 North LaSalle Street, Suite 420 |
| Chicago, Illinois 60601 | Chicago, Illinois 60602 |
| P: (312) 506-5511 ext. 331 | P: (312) 744-5170 (Moore) |
| E: amartin@dispartilaw.com | |
| E: ccasper@dispartilaw.com | |

B.  **Nature of Claims Asserted and any Counterclaims:**

Plaintiff brings a three-count complaint. Count 1 is a *Monell*-based claim for deprivation of 14th Amendment right to due process via 42 U.S.C. § 1983 based on Defendants City of Chicago, Brown, and Lightfoot enacting and maintaining a non-pursuit policy in the City's Police Department that Plaintiff alleges is the proximate cause of his injuries in that it was the moving force behind his injuries. This count alleges that Plaintiff's injuries never would have occurred but for the City's enactment and maintenance of the non-pursuit policy using a state-created danger theory of liability. Count 2 is a non-*Monell* claim based on the same facts as count 1, but is stated only against the individual Defendants. Count 2 is based upon a state-created danger theory of liability. Count 3 is an indemnification count against Defendant City of Chicago, Illinois.

Defendants do not anticipate bringing any counter claims or third party claims.

C.  **Major Legal and Factual Issues:**

Whether or not Defendants are liable to Plaintiff as a matter of the state-created danger theory of due process?

Whether or not Defendants' enactment and maintenance of the non-pursuit policy caused Plaintiff's injuries?

Whether or not Defendants are the proximate cause of Plaintiff's injuries?

What are Plaintiff's damages?

D.  **Relief sought by parties:**

Plaintiff seeks all available legal and equitable relief, including, but not limited to, compensatory damages, general and special damages, damages for mental and emotional distress, make whole relief for all of Plaintiff's medical expenses, make whole relief for lost wages, compensation for loss of normal life and shortened life expectancy due to Plaintiff's injuries, and all other available legal and equitable relief.

2. **Jurisdiction.**

   This Court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, and the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 42 U.S.C. § 1367 because such claims so relate to the federal claims as to form part of the same case and controversy. This Court has jurisdiction to award attorneys' fees under 42 U.S.C. § 1988.

3. **Status of Service.**

   All named Defendants have been served. The John Doe Defendants have not been served because they have not been identified.

4. **Consent to Proceed before a United States Magistrate Judge.**

   The parties do not unanimously consent to proceed before a United States Magistrate Judge.

5. **Motions.**

   There are no pending Motions to date. Defendants are due to respond to the Complaint by April 3, 2023 and intend on filing a motion to dismiss.

6. **Case Plan.**

   The parties jointly propose the following discovery plan, with the types of discovery needed including written and oral discovery, site inspections, ESI, and expert witness discovery:

   Defendants object to proceeding with discovery while their motion to dismiss is pending. Defendants intend on filing a case-dispositive motion to dismiss and accordingly take the position that proceeding with discovery could result in a waste of time and resources. Should this Court be inclined to proceed with discovery, Defendants would request at least one year to complete fact discovery, considering the breadth of the allegations in Plaintiff's Complaint (multiple individual incidents as well as policy-related issues). Defendants would further request that expert discovery be set at the close of fact discovery, when the parties are have more clarity on the issues, and that said

expert discovery schedule be staggered for Plaintiff's and Defendants' disclosures and include time for depositions.

Plaintiff proposes the following discovery plan:

| | |
|---|---|
| Date for Rule 26(a)(1) Disclosures | 30 days following Defendants filing of responsive pleading |
| First date to issue written discovery | 30 days after Rule 26(a)(1) disclosures |
| Fact discovery completion date | 180 days after Rule 26(a)(1) disclosures |
| Plaintiff's Expert Report(s) due | 30 days after the close of fact discovery |
| Defendants' Expert Report(s) due | 30 days after Plaintiff's expert reports |
| Expert Rebuttal Reports due | 30 days after Defendants' expert reports |
| Expert discovery completion date | 30 days after Rebuttal Reports |
| Date for filing dispositive motions | 30 days after the close of all discovery |

With respect to trial, the parties expect a trial in this case to take 10 days. Plaintiff has demanded a trial by jury. Defendants will demand a trial by jury should their motion to dismiss be denied.

**7. Status of Settlement Discussions.**

Plaintiff sent a settlement demand on March 27, 2023, which Defendants are in the process of reviewing. Defendants will respond in due course, if they determine it is appropriate to do so. The parties do not request a settlement conference at this time.

Respectfully submitted,   Respectfully submitted,

/s/ Amanda Martin   /s/Marion C. Moore
/s/ Cass T. Casper   Chief Assistant Corporation Counsel

_____   _____
Amanda Martin, Esq.   William O. Cook, Esq.
Cass T. Casper, Esq.   Marion Moore, Esq.
Maxwell Brown, Esq.   Maxwell Lisy, Esq.
DISPARTI LAW GROUP, P.A.   Assistant Corporation Counsels
121 West Wacker Drive, Suite 2300   CITY OF CHICAGO – DEPARTMENT OF LAW
Chicago, Illinois 60601   2 North LaSalle Street, Suite 420
P: (312) 506-5511 ext. 331   Chicago, Illinois 60602
E: amartin@dispartilaw.com   P: (312) 744-5170 (Moore)
E: ccasper@dispartilaw.com   E: william.cook@cityofchicago.org
  E: marion.moore@cityofchicago.org

E: maxwell.lisy@cityofchicago.org

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 28, 2023, (s)he caused to be served the foregoing document on all counsel of record via this Court's CM/ECF filing system, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*
_____